**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 23, 2015

LETTER TO COUNSEL

    RE:    *Shirley Gary v. Commissioner, Social Security Administration*;
              Civil No. SAG-14-1438

Dear Counsel:

       On April 29, 2014, Plaintiff Shirley Gary petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits and deny in part her claim for Supplemental Security Income.[1] (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Ms. Gary's reply. (ECF Nos. 18, 19, 20). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion and grant the Commissioner's motion. This letter explains my rationale.

       Ms. Gary protectively filed her claims for benefits on September 22, 2010, alleging a disability onset date of January 29, 2010. (Tr. 180-89). Her claims were denied initially and on reconsideration. (Tr. 126-31, 136-39). A hearing was held on June 5, 2013, before an Administrative Law Judge ("ALJ"). (Tr. 41-73). Following the hearing, the ALJ determined that Ms. Gary was not disabled within the meaning of the Social Security Act prior to April 20, 2013. (Tr. 26-35). The Appeals Council ("AC") denied Ms. Gary's request for review, (Tr. 6-11), so the ALJ's decision constitutes the final, reviewable decision of the agency.

       The ALJ found that Ms. Gary suffered from the severe impairments of back disorder, diabetes mellitus with proteinuria, stage 1 chronic kidney disease, major depressive disorder, obesity, and status post left lateral meniscus tear. (Tr. 28-29). Despite these impairments, the ALJ determined that Ms. Gary retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she can stand and walk for 4 or more but less than 6 hours of an 8 hour workday, she can occasionally crouch, crawl, squat, kneel, and climb stairs. She requires a sit/stand option. She is restricted from ladders, scaffolds, dangerous heights, and dangerous machinery. She should not have to work in concentrated exposure to

---

[1] The ALJ found that Ms. Gary was not disabled prior to her fifty-fifth birthday on April 20, 2013, when she reached "advanced age" under the Medical-Vocational Rules. As of that date, she became disabled by operation of Medical-Vocational Rule 202.02. However, she could not collect Disability Insurance Benefits, because she did not establish disability prior to her date last insured of June 30, 2012.

*Shirley Gary v. Commissioner, Social Security Administration*
Civil No. SAG-14-1438
April 23, 2015
Page 2

> heat, cold, dust, fumes, gases, vibrations. The claimant can understand, remember, and execute simple instructions, can concentrate and pay attention at the SVP 1 and 2 level of complexity for extended periods, can perform within a schedule, be on time, produce sufficient work, and limit breaks to permitted times.

(Tr. 30). After considering the testimony of a vocational expert ("VE"), the ALJ determined that prior to her fifty-fifth birthday, Ms. Gary could perform jobs existing in significant numbers in the national economy, and that, therefore, she was not disabled. (Tr. 33-35).

Ms. Gary raises two primary arguments on appeal: (1) that the ALJ failed to consider the opinion of an examining physician, Dr. Larry Becker; and (2) that the ALJ did not consider whether Ms. Gary was in a borderline age range prior to her fifty-fifth birthday. Neither argument mandates remand, and each is addressed in turn below.

First, Ms. Gary correctly notes that the ALJ did not make any assignments of weight to the opinions of Dr. Becker, who examined Ms. Gary on several occasions relating to her workers' compensation claims. Specifically, Ms. Gary suggests that the report and opinion generated after Dr. Becker's examination of Ms. Gary on March 29, 2010, warrants remand. Pl. Mot. at 12. In that opinion, Dr. Becker described his examination of Ms. Gary, noted that she presented with a slight limp, a full range of motion, and stability in both knees, and that she had degenerative arthritis "that will ultimately become problematic." (Tr. 298). Dr. Becker assigned a total of 20% permanent partial impairment to the left knee, which was consistent with his prior report from 2008. *Id.*

The ALJ erred in failing to make an assignment of weight to Dr. Becker's 2010 opinion, since an ALJ is required to assign weight to every medical opinion in a claimant's record. *See* 20 C.F.R. §§ 404.1527(c) ("Regardless of its source, we will evaluate every medical opinion we receive."); 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion."). Failure to assign weight to a treating physician's opinion can result in remand. *See Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984) ("We cannot determine if findings are unsupported by substantial evidence unless the Secretary explicitly indicates the weight given to all of the relevant evidence."). However, the ALJ's error does not warrant remand in this case for multiple reasons. First, Dr. Becker was an examining physician in the worker's compensation context, but was not one of Ms. Gary's treating physicians. (Tr. 297) (noting that the examination was "intended to provide information, not to deliver medical care" and "in no way constitutes a physician/patient relationship."). Second, the ALJ properly assigned weight to the opinions of other examining physicians who were similarly situated to Dr. Becker, in that they examined Ms. Gary on isolated occasions for the purpose of evaluating her permanent partial impairment in the worker's compensation context. *See,* (Tr. 261-62, 263-64, 281-83). The ALJ assigned "little weight" to the opinions of each of those doctors, noting that the opinions were provided before the alleged onset date of disability and because they do "not state any specific functional assessment of the claimant's abilities." (Tr. 31). Ms. Gary contends that the last of Dr. Becker's opinions was provided after the alleged onset date of disability, and that it thus had increased significance to the ALJ's

*Shirley Gary v. Commissioner, Social Security Administration*
Civil No. SAG-14-1438
April 23, 2015
Page 3

evaluation. However, Dr. Becker's evaluation and opinion are entirely consistent with the opinions of the other examining physicians, and Dr. Becker also did "not state any specific functional assessment of the claimant's abilities." *See* (Tr. 31). Thus, there is no reason to believe that the ALJ would have treated Dr. Becker's opinion any differently than the other like opinions, despite the fact that the evaluation occurred after the disability onset date. Finally, the ALJ assigned significant weight to the opinions of a consultative examiner, Dr. Raza Shah, and to two non-examining State agency physicians, each of whom provided specific assessments of Ms. Gary's functional abilities. Nothing in Dr. Becker's 2010 opinion contradicted any of the opinions to which the ALJ assigned significant weight. Accordingly, while the ALJ erred by neglecting to discuss Dr. Becker's opinion or to make an express assignment of weight to that opinion, the error does not warrant remand. *See, e.g., Tanner v. Commissioner of Social Security,* No. 14-1272, 2015 WL 574222 (4th Cir. Feb. 12, 2015) (declining to remand, although an ALJ "never expressly discussed or assigned weight to" a medical source statement, where "it is highly unlikely, given the medical evidence of record, that a remand to the agency would change the Commissioner's finding of non-disability.").

Next, Ms. Gary contests the ALJ's determination that the appropriate onset date of her disability is her fifty-fifth birthday. She suggests that the ALJ's selection of that date was "arbitrary." Pl. Mot. at 15. In fact, however, the benefit of the Medical-Vocational Guidelines ("Grids") is to provide bright-line rules governing when a claimant is or is not disabled. Applicable regulations specify that, in situations where a claimant is not disabled under the Grids but will reach an older age category shortly, the ALJ should evaluate whether use of the older age category is appropriate. *See, e.g.,* 20 CFR §§ 404.1563(b) and 416.963(b); HALLEX II050302, 2003 WL 25498826 (S.S.A.). Nothing in those regulations suggests that an ALJ who has already engaged in a traditional disability evaluation and has found no disability needs to reconsider a claimant's disability in the months prior to a triggering birthday under the Grids. Because the ALJ found Ms. Gary "not disabled" using a traditional analysis, the only event changing her status to "disabled" was her fifty-fifth birthday, which triggered a mandatory finding of "disabled" under the applicable Grids. No further analysis was required.

For the reasons set forth herein, Ms. Gary's Motion for Summary Judgment (ECF No. 18) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 19) is GRANTED. The Commissioner's judgment is affirmed pursuant to sentence four of 42 U.S.C. § 405(g). The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                                  Sincerely yours,

                                                  /s/

                                                  Stephanie A. Gallagher
                                                  United States Magistrate Judge